This is an action to recover judgment on a note for $426.58, the defendant pleading payment.
The issues raised by the pleadings were referred, and the report of the referee is as follows:
1. That the defendant, on 1 April, 1910, executed and delivered to the plaintiff her promissory note in the sum of $426, bearing interest from date and due and payable nine months after date. *Page 42 
(52) 2. That the plaintiff and defendant, on and prior to 1 April, 1910, were partners, engaged in supporting and caring for their mother, Margaret Ponder, their said mother having previously executed and delivered to them a deed for a tract of land in Polk County containing something over 200 acres, in consideration of her care and support; and said note was given in payment of a balance found to be due from defendant to plaintiff, expended in the care and support of their said mother.
3. I find that the following payments were made on said note by defendant on the following dates, to wit: $26.58 on 1 April, 1910; $20 on 10 May, 1910.
4. I find as a fact that the following named children of Margaret Ponder, brothers and sisters of plaintiff and defendant, to wit, J. T. Ponder, O. W. Ponder, Mrs. Lizzie Miller, upon learning that their said mother had executed and delivered said deed to plaintiff and defendant, became dissatisfied and threatened to bring suit against plaintiff and defendant to have said deed declared void. That the said deed in terms gave plaintiff practically all the timber standing and growing on said land, in addition to one-half interest in the soil, and the plaintiff cut and removed or caused to be cut and removed the said timber, the value of which I find to be $900.
5. That some time prior to 26 November, 1910, the plaintiff and defendant and their said mother, in order to avoid family discord and to avoid possible litigation, entered into the following verbal agreement with the said J. T. Ponder, O. W. Ponder, and Mrs. Lizzie Miller, to wit: That plaintiff and defendant would convey to J. T. Ponder one-sixth of said land, to Mrs. Lizzie Miller one-sixth of said land, and to O. W. Ponder two-sixth of said land (he having previously purchased the respective interests of his eldest sister therein), the said land to be surveyed and the interest of each of the parties to be determined by metes and bounds; that the plaintiff, N.M. Ponder, should retain and not be accountable for the proceeds of the timber cut and removed by him; that the plaintiff would credit said note which he held against defendant with the sum of $150 upon the said J. T. Ponder, O. W. Ponder, and Mrs. Lizzie Miller paying the balance due thereon, which they agreed to do, and which was ascertained to be $230, the said (53) J. T. Ponder and Mrs. Lizzie Miller to pay the sum of $57.50 each, and the said O. W. Ponder to pay the sum of $115; and that all of said children should make and execute a deed of trust upon their said land in favor of their said mother to secure the sum of $150 annually for her support and maintenance, each share thereof to be charged with the sum of $25. *Page 43 
6. That in pursuance of said agreement the said parties caused to be made a survey of the land and the shares of each set apart in metes and bounds, and on 26 November, 1910, all of said parties except Mrs. Miller met on the premises and the plaintiff and defendant executed deeds to the other parties for their respective interests, which it was agreed they should have in said land, and delivered all said deeds except the one in favor of Mrs. Lizzie Miller; that J. T. Ponder paid plaintiff the sum of $57.50 and O. W. Ponder the sum of $115, which plaintiff credited upon said note of said date; that plaintiff on said date placed a credit of $150 on said note, in terms as follows, to wit: "November 26, 1910, by gift on note, $150," and that all of said parties executed and delivered to their said mother a deed of trust upon said land to secure her in her support and maintenance, as they had agreed to do.
7. I find as a fact that Mrs. Lizzie Miller is now and on 26 November, 1910, and prior thereto, was a married woman, resident in the State of South Carolina; that the said Mrs. Miller failed to pay anything on said note on 26 November, 1910, and has not yet paid anything on said note to the plaintiff or another person for him; that said deed in favor of Mrs. Miller has never been delivered, but was placed in the hands of G. W. Waycaster, to be held by him until Mrs. Miller should pay plaintiff the sum of $57.50 on said note; and the plaintiff, prior to the bringing of this suit, requested and demanded payment thereof from both Mrs. Miller and the defendant in this action.
Conclusions of law:
1. That on 26 November, 1910, the defendant was indebted to plaintiff on the note set out in the complaint in the sum of $230.
2. That prior to 26 November, 1910, the plaintiff and defendant, (54) upon a sufficient consideration, entered into a contract, set forth in paragraph 5 of the findings of facts foregoing, and that all the parties to said contract on said day of November, 1910, fully performed their respective parts thereof, except Mrs. Lizzie Miller, and said contract was and is a valid and binding contract as to all of said parties except Mrs. Miller, and that she, being a married woman, was not and is not bound thereby.
3. That the plaintiff is entitled to recover of the defendant the sum of $57.50, with interest from 26 November, 1910.
The defendant filed the following exceptions:
1. The referee erred in failing to find as a fact from the evidence that Mrs. Green, the defendant, was to be absolutely discharged of all liability by reason of the said note given to plaintiff — that is, in the settlement made by the family, as shown by the evidence. This note was to be discharged by the parties, and she was to be relieved from any payments *Page 44 
thereof, and thereby relinquish her one-half interest in the lands set out in the complaint.
2. The referee erred in that he failed to find as a fact, from the evidence, that Mrs. Miller had agreed with the plaintiff, after the agreement of the family, to pay the amount due ($57.50), and that she had been ready, able, and willing to pay the said $57.50 and take deed according to the original family settlement.
3. That the referee erred in finding as a conclusion of law that Mrs. Miller, being a married woman, was not bound by the contract of settlement made between the several children to avoid litigation.
4. That the agreement between the parties would have empowered plaintiff to proceed against the land, and the deed in escrow held by Waycaster was a mortgage to the plaintiff for such amount as was due him.
5. That the referee erred in not finding that there was a novation, and that the defendant, Georgiana Green, by the said novation, was to be discharged of all liability, and that the other heirs at law were to be responsible to the plaintiff, and that he accepted the responsibility in the family agreement aforesaid.
(55) His Honor did not pass on the exceptions to the report, but permitted Mrs. Miller to be made a party, and upon the payment by her of $57.50 into the clerk's office to the use of the plaintiff, entered judgment against the plaintiff for the costs of the action, and he excepted and appealed.
The exceptions to the report of the referee have not been passed on or considered, and the report has not been disturbed.
The referee finds that the plaintiff agreed to credit the note "which he held against defendant with the sum of $150, upon the said J. T. Ponder, O. W. Ponder, and Mrs. Lizzie Miller paying the balance due thereon, which they agreed to do, and which was ascertained to be $230, the said J. T. Ponder and Mrs. Lizzie Miller to pay the sum of $57.50 each, and the said O. W. Ponder to pay the sum of $115; and that all of said children should make and execute a deed of trust upon their said land in favor of their said mother to secure the sum of $150 annually for her support and maintenance, each share thereof to be charged with the sum of $25"; and further, that "Mrs. Miller failed to pay anything on said note on said 26 November, 1910, and has not yet paid anything on said note to the plaintiff or another person for him; that said deed in favor of said Mrs. Miller has never been delivered, but was placed in the hands of G. W. Waycaster, to be held by him until Mrs. Miller should *Page 45 
pay plaintiff the sum of $57.50 on said note; and the plaintiff, prior to the bringing of this suit, requested and demanded payment thereof from both Mrs. Miller and the defendant in this action."
According to these findings, the plaintiff retained his note against the defendant, and did not agree to accept the promises of Mrs. Miller and others in settlement of it, but to enter the credits when the money was paid.
If so, the liability of the defendant continued, and upon the report the plaintiff is entitled to judgment against her for the amount found due, and costs.
If, upon hearing the exceptions, the finding by the referee shall (56) be reversed, and it shall be found that a settlement was made by the terms of which the defendants was discharged from liability on the note, it would be proper to enter judgment against the plaintiff for costs.
We conclude, therefore, that there is error, and the cause is remanded to the end that the exceptions may be heard and passed upon.
Reversed.